**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

SAMANTHA L. GARRETT,

      Plaintiff,

v.                                       CASE NO: 8:17-cv-2874-T-23AAS

UNIVERSITY OF SOUTH FLORIDA
BOARD OF TRUSTEES,

      Defendant.
_____/

## DEFENDANT'S ANSWER AND DEFENSES

The Defendant, UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES (hereinafter "University" or "Defendant"), by and through its undersigned attorneys, hereby responds to the Complaint (Dkt. No. 1) filed by the Plaintiff, SAMANTHA GARRETT ("Plaintiff"). The Defendant reserves the right to supplement or amend this response, as its investigation is ongoing. The Defendant responds to the allegations as follows:

**A.**    **JURISDICTION**

1.    The Defendant admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. Answering further, the Defendant admits that the Plaintiff purports to state a claim under 20 U.S.C. § 1681, but it denies that the Plaintiff can state a claim or is entitled to any damages or other relief. The Defendant further denies any allegation of wrongdoing which is pled, implied in, or may be inferred from paragraph 1 of the Complaint.

**B.     VENUE**

2.      The Defendant admits that venue is proper in this Court.  Answering further, the Defendant denies the remaining allegations in paragraph 2 of the Complaint.

**C.     PARTIES**

3.      The Defendant is without knowledge as to the allegations contained in the first sentence of paragraph 3 of the Complaint and therefore denies the same.  Answering further, the Defendant admits the allegations in the second sentence of this paragraph.

4.      a.      The Defendant admits that it is a public body corporate, which may be sued as provided in Florida Statutes § 1001.72.  Answering further, the Defendant denies the remaining allegations in paragraph 4(a) of the Complaint.

4.      b.      The Defendant admits that it provides an "education program or activity receiving Federal financial assistance" as defined in 20 U.S.C. § 1681(a), and that it is an "educational institution" as defined in 20 U.S.C. § 1681(c).  Answering further, the Defendant states that Title IX of the Education Amendments of 1972 speaks for itself.  The Defendant denies the remaining allegations in paragraph 4(b) of the Complaint.

5.      The Defendant denies the allegations contained in paragraph 5 of the Complaint.

**D.     FACTS PERTINENT TO ALL COUNTS**

6.      The Defendant admits that the Plaintiff was admitted to a doctoral degree program in the Department of Psychology beginning in the Fall 2015 semester.  Answering further, the Defendant is without knowledge as to the remaining allegations in paragraph 6 of the Complaint and therefore denies the same.

7. The Defendant admits that the Plaintiff was admitted to a doctoral degree program in the Department of Psychology beginning in the Fall 2015 semester. Answering further, the Defendant denies the remaining allegations in paragraph 7 of the Complaint.

8. The Defendant admits that Andrew Thurston was admitted to the same doctoral degree program as the Plaintiff. Answering further, the Defendant is without knowledge as to the remaining allegations in paragraph 8 of the Complaint.

9. The Defendant is without knowledge as to the allegations in paragraph 9 of the Complaint and therefore denies the same.

10. The Defendant is without knowledge as to the allegations in paragraph 10 of the Complaint and therefore denies the same.

11. The Defendant is without knowledge as to the allegations in paragraph 11 of the Complaint and therefore denies the same.

12. The Defendant is without knowledge as to the allegations in paragraph 12 of the Complaint and therefore denies the same.

13. The Defendant is without knowledge as to the allegations in paragraph 13 of the Complaint and therefore denies the same.

14. The Defendant denies the allegations contained in the last sentence of paragraph 14 of the Complaint. Answering further, the Defendant is without knowledge as to the remaining allegations of this paragraph of the Complaint.

15. The Title IX Incident Report Form dated December 5, 2016, speaks for itself. Answering further, the Defendant denies the remaining allegations in paragraph 15, including subparagraphs (a)-(c), of the Complaint.

16. The USF System Title IX Initial Contact Letter dated December 6, 2016, to Samantha Lynn Garrett speaks for itself. Answering further, the Defendant denies the remaining allegations in paragraph 16, including subparagraphs (a)-(d), of the Complaint.

17. The Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. The e-mail from Samantha Garrett to Jonathan Monti dated December 6, 2016, and the letter from Jonathan Monti to Samantha Lynn Garrett dated December 9, 2016, speak for themselves. Answering further, the Defendant denies the remaining allegations in paragraph 18 of the Complaint.

19. The Defendant admits the allegations contained in paragraph 19 of the Complaint.

20. The Title IX Investigative Report: Case Number 01751-2016 speaks for itself. Answering further, the Defendant denies the remaining allegations in paragraph 20, including subparagraphs (a)-(i), of the Complaint.

21. The Title IX Investigative Report: Case Number 01751-2016 speaks for itself. Answering further, the Defendant denies the remaining allegations in paragraph 21 of the Complaint.

22. The letter dated March 9, 2017, from Joanna Ellwood to Andrew Thurston speaks for itself. Answering further, the Defendant denies the remaining allegations in paragraph 22 of the Complaint.

23. The letter dated March 9, 2017, from Maria Zale to Samantha Garrett speaks for itself.  Answering further, the Defendant denies the remaining allegations in paragraph 23 of the Complaint.

24. The letter dated March 9, 2017, from Maria Zale to Samantha Garrett speaks for itself.  Answering further, the Defendant denies the remaining allegations in paragraph 24, including subparagraphs (a)-(d), of the Complaint.

25. The letter dated March 20, 2017, from Maria Zale to Samantha Garrett speaks for itself.  Answering further, the Defendant denies the remaining allegations in paragraph 25 of the Complaint.

26. The Defendant denies the allegations contained in paragraph 26, including subparagraphs (a)-(g), of the Complaint.

27. The Plaintiff fails to attach the communications referenced in paragraph 27 of the Complaint and fails provide sufficient information as to when these communications occurred or to whom they were directed.  The Plaintiff has failed to provide sufficient information for the Defendant to admit or deny the allegations in this paragraph.  Therefore, the Defendant is without knowledge as to the allegations contained in paragraph 27, including subparagraph (a)-(c), of the Complaint and denies the same.

28. The Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. The Defendant denies the allegations contained in paragraph 29, including subparagraphs (a)-(b), of the Complaint.

30. The Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. The Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. The Defendant denies the allegations contained in paragraph 32 of the Complaint.

33. The Defendant denies the allegations contained in paragraph 33 of the Complaint.

34. The Defendant denies the allegations contained in paragraph 34 of the Complaint.

35. The Defendant denies the allegations contained in paragraph 35 of the Complaint.

36. The Defendant denies the allegations contained in paragraph 36, including subparagraphs (a)-(d), of the Complaint.

37. The Defendant denies the allegations contained in paragraph 37 of the Complaint.

38. The Defendant denies the allegations contained in paragraph 38 of the Complaint.

39. The Defendant denies the allegations contained in paragraph 39, including subparagraphs (a)-(f), of the Complaint.

40. The Defendant denies the allegations contained in paragraph 40 of the Complaint.

41. The Confidentiality Statement of the USF Center for Victim Advocacy speaks for itself. Answering further, the Defendant denies the remaining allegations in paragraph 41, including subparagraphs (a)-(b), of the Complaint.

42. The allegations contained in paragraph 42 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, the Defendant denies the allegations in this paragraph of the Complaint.

43. The letter dated June 8, 2017, from Jonathan Monti to Samantha Garrett and the letter dated August 25, 2017, from Maria Zale Cutsinger to Samantha Garrett speak for themselves. Answering further, the Defendant denies the remaining allegations contained in paragraph 43 of the Complaint.

44. The letter dated June 15, 2017, from Jonathan Monti to Samantha Garrett speaks for itself. Answering further, the Defendant denies the remaining allegations in paragraph 44 of the Complaint.

45. The Defendant denies the allegations contained in paragraph 45 of the Complaint.

46. The Defendant denies the allegations contained in paragraph 46 of the Complaint.

47. The Defendant denies the allegations contained in paragraph 47, including subparagraphs (a)-(b), of the Complaint.

48. The Defendant denies the allegations contained in paragraph 48 of the Complaint.

49. The Defendant denies the allegations contained in paragraph 49, including subparagraphs (a)-(e), of the Complaint.

50. The Defendant denies the allegations contained in paragraph 50 of the Complaint.

51. The Defendant denies the allegations contained in paragraph 51, including subparagraphs (a)-(c), of the Complaint.

52. The Defendant denies the allegations contained in paragraph 52, including subparagraphs (a)-(d), of the Complaint.

53. The Defendant denies the allegations contained in paragraph 53, including subparagraphs (a)-(e), of the Complaint.

54. The Defendant denies the allegations contained in paragraph 54, including subparagraphs (a)-(c), of the Complaint.

55. The Defendant denies the allegations contained in paragraph 55 of the Complaint.

56. The Defendant is without knowledge as to the allegations contained in paragraph 56 of the Complaint and therefore denies the same.

### COUNT I – VIOLATION OF TITLE IX
(Hostile Educational Environment)

57. In response to the allegations contained in paragraph 57 of the Complaint, the Defendant repeats its responses to paragraphs 6 to 56 of the Complaint.

58. Title IX of the Education Amendments of 1972 speaks for itself. Answering further, the Defendant denies the remaining allegations in paragraph 58 of the Complaint.

59. The Defendant denies the allegations contained in paragraph 59 of the Complaint.

60. The Defendant denies the allegations contained in paragraph 60 of the Complaint.

61. The Defendant denies the allegations contained in paragraph 61 of the Complaint.

62. The Defendant denies the allegations contained in paragraph 62 of the Complaint.

63. The Defendant denies the allegations contained in paragraph 63 of the Complaint.

64. The Defendant denies the allegations contained in paragraph 64 of the Complaint.

65. The Defendant denies the allegations contained in paragraph 65, including subparagraphs (a)-(p), of the Complaint.

66. The Defendant denies the allegations contained in paragraph 66 of the Complaint.

67. The Defendant denies the allegations contained in paragraph 67 of the Complaint. Furthermore, the Defendant denies that the Plaintiff is entitled to any of the relief sought in the "wherefore" clause contained in the unnumbered paragraph that follows paragraph 67 of the Complaint. The Defendant further denies that the Plaintiff is entitled to damages from the Defendant or any injunctive relief from the court. The Defendants denies

any allegation of wrongdoing which is pled, implied in, or may be inferred from, this paragraph of the Complaint.

## COUNT II – VIOLATION OF TITLE IX
(Clearly Unreasonable Response to Sexual Violence)

68. Pursuant to the Court's Order (Dkt. No. 35), this Count of the Complaint has been dismissed. Therefore, no further response is required.

69. Pursuant to the Court's Order (Dkt. No. 35), this Count of the Complaint has been dismissed. Therefore, no further response is required.

70. Pursuant to the Court's Order (Dkt. No. 35), this Count of the Complaint has been dismissed. Therefore, no further response is required.

71. Pursuant to the Court's Order (Dkt. No. 35), this Count of the Complaint has been dismissed. Therefore, no further response is required.

72. Pursuant to the Court's Order (Dkt. No. 35), this Count of the Complaint has been dismissed. Therefore, no further response is required.

73. Pursuant to the Court's Order (Dkt. No. 35), this Count of the Complaint has been dismissed. Therefore, no further response is required.

74. Pursuant to the Court's Order (Dkt. No. 35), this Count of the Complaint has been dismissed. Therefore, no further response is required.

## COUNT III – VIOLATION OF TITLE IX
(Retaliation)

75. In response to the allegations contained in paragraph 75 of the Complaint, the Defendant repeats its responses to paragraphs 1 to 74 of the Complaint.

76. The Defendant denies the allegations contained in paragraph 76 of the Complaint.

77. Title IX of the Education Amendments of 1972 speaks for itself. Answering further, the Defendant denies the remaining allegations in paragraph 77 of the Complaint.

78. The Defendant denies the allegations contained in paragraph 78 of the Complaint.

79. The Defendant denies the allegations contained in paragraph 79, including subparagraphs (a)-(g), of the Complaint.

80. The Defendant denies the allegations contained in paragraph 80 of the Complaint.

81. The Defendant denies the allegations contained in paragraph 81 of the Complaint.

82. The Defendant denies the allegations contained in paragraph 82 of the Complaint.

83. The Defendant denies the allegations contained in paragraph 83 of the Complaint.

84. The Defendant denies the allegations contained in paragraph 84 of the Complaint. Furthermore, the Defendant denies that the Plaintiff is entitled to any of the relief sought in the "wherefore" clause contained in the unnumbered paragraph that follows paragraph 84 of the Complaint. The Defendant further denies that the Plaintiff is entitled to damages from the Defendant. The Defendants denies any allegation of wrongdoing which is pled, implied in, or may be inferred from, this paragraph of the Complaint.

**DEMAND FOR JURY TRIAL**

The Defendant makes no response to the Plaintiff's request for a jury trial because no response is required.

**DEFENSES**

The Defendant alleges the following defenses and reserves the right to plead additional defenses as may be revealed during the course of discovery. The Defendant denies all allegations in the Complaint that have not been specifically admitted.

First Defense. The Plaintiff fails to state a claim upon which relief may be granted under any theory. In particular, as a matter of law, the Complaint does not contain sufficient allegations of ultimate fact, as opposed to conclusory allegations, to state a claim under Title IX of the Education Amendments of 1972. Specifically, the Plaintiff has failed to allege sufficient facts to show that she was harassed because of her gender; that the harassment was severe, pervasive, and objectively offensive; that she was deprived of access to any educational opportunity or benefit; that the Defendant acted with deliberate indifference to any report of sexual harassment; that the Defendant's response to any alleged harassment was clearly unreasonable in light of the known circumstances; or that there is any other basis for liability against the Defendant. Additionally, the Plaintiff cannot show that she suffered any damage as a result of the alleged actions by the Defendant. Furthermore, the Plaintiff also cannot establish that she engaged in any protected activity under Title IX, that she was subject to any materially adverse action, or that there is any connection between her purported complaints and the discipline imposed for violating the University's Code of Student Conduct. The Plaintiff seeks relief that is not available under Title IX, and the Complaint is a shotgun pleading in violation

of Rules 8 and 10 of the Federal Rules of Civil Procedure. Finally, the Plaintiff cannot show that the Defendant intentionally discriminated or retaliated against her because of her purported complaints of discrimination or other alleged protected activity or that she suffered any harm as a result of the alleged violation of the Title IX.

Second Defense. The Defendant is not liable for the assault alleged in the Complaint because it occurred off-campus and under circumstances over which the Defendant did not exercise substantial control.

Third Defense. The Defendant has made good faith efforts to prevent any discriminatory or retaliatory conduct under Title IX, including, but not limited to, enacting adequate and effective policies designed to prevent and correct harassment and other types of sex discrimination. Thus, the Defendant has exercised reasonable care to prevent any discriminatory, hostile, retaliatory, or harassing behavior or any other improper treatment that the Plaintiff might encounter at the University. Additionally, upon notice of an alleged assault or any other discrimination, the Defendant has taken prompt and effective remedial action, including a prompt and thorough investigation, to respond to the report of discrimination. To the extent that the Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided by the Defendant or to avoid harm otherwise, the Defendant is not liable and the Plaintiff is barred from recovery. Any damages that the Plaintiff may have suffered, which the Defendant continues to deny, were the direct and proximate result of the Plaintiff's own conduct, the Plaintiff's failure to report or follow University policies requiring reporting of any alleged discrimination or harassment, and/or the Plaintiff's failure to take advantage of the preventive or corrective opportunities provided by the Defendant or to avoid

harm otherwise. Therefore, the Defendant is not liable and the Plaintiff is barred from recovering any damages or other relief from the Defendant.

WHEREFORE, the Defendant respectfully requests that the Court enter judgment in its favor; award Defendant the cost incurred in defending this action, including reasonable attorney's fees and costs; and provide other and further relief as the Court deems just and appropriate.

Respectfully submitted,

/s/Thomas M. Gonzalez
Thomas M. Gonzalez
Florida Bar No. 192341
Sacha Dyson
Florida Bar No. 509191
Thompson, Sizemore, Gonzalez
& Hearing, P.A.
Street: 201 North Franklin Street, Suite 1600
Tampa, Florida 33602
Mail: Post Office Box 639
Tampa, Florida 33601
Telephone: 813-273-0050
tgonzalez@tsghlaw.com
sdyson@tsghlaw.com

and

Joanne M. Adamchak
Florida Bar No. 943037
Associate General Counsel
Office of the General Counsel
University of South Florida
4202 E. Fowler Avenue, CGS 301
Tampa, FL  33620-4301
Telephone: 813-974-2131
jadamcha@usf.edu
Attorneys for the Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished this 2nd day of May, 2018, by CM/ECF electronic filing to the Clerk of Court and to the following:

Michael T. Dolce
Cohen Milstein Sellers & Toll, PLLC
2925 PGA Blvd., Suite 200
Palm Beach Gardens, FL 33410
mdolce@cohenmilstein.com
Attorney for the Plaintiff

/s/Thomas M. Gonzalez
Attorney