UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAMANTHA L. GARRETT,

    Plaintiff,

v.                                        Case No. 8:17-cv-2874-T-23AAS

UNIVERSITY OF SOUTH FLORIDA
BOARD OF TRUSTEES,

    Defendant.
_____/

## ORDER

Samantha Garrett moves to compel five requests for production and two depositions. (Doc. 40). After the USF Board of Trustees (USF Board) submitted its response in opposition (Doc. 42), the undersigned held a hearing on Ms. Garrett's motion. (Doc. 44). For the reasons stated at the hearing, Ms. Garrett's motion to compel (Doc. 40) is **GRANTED-IN-PART and DENIED-IN-PART**.[1]

### Request for Production No. 13

All correspondence authored by any USF departmental administrator or faculty member of the USF Psychology Department, which references or relates to Samantha Garrett's complaint against Andrew Thurston at issue in this litigation, including without necessary limitation:

    a.    Dr. Tammy Allen
    b.    Dr. Michael Braun
    c.    Dr. Toru Shimizu

---

[1] At the conclusion of the hearing, counsel for both parties stated that an extension of the discovery deadline is unnecessary. Therefore, all deadlines in the Case Management and Scheduling Order (Doc. 27) remain in effect.

1

(Doc. 40, p. 2).

Based on the parties' representations at the hearing, the USF Board now has provided all correspondence responsive to this request as narrowed by Ms. Garrett's counsel's agreed temporal limitation and representation that only correspondence from these three individuals is sought. Therefore, Ms. Garret's motion to compel this request for production is denied as moot.

### Request for Production No. 14

> All documentation of any meetings held by any members of the USF departmental administrator or faculty member of the USF Psychology Department at which the complaint by Samantha Garrett against Andrew Thurston at issue in this litigation was discussed, including any discussion regarding whether the sanctions or disciplinary measures taken against Mr. Thurston were sufficient.

(Doc. 40, p. 4).

Based on the parties' representations at the hearing, the USF Board provided documents dated before November 30, 2017, responsive to this request. Therefore, the motion to compel this request for production is denied as moot with respect documents dated before November 30, 2017.

However, this request for production is granted with respect to documentation of any post-November 30, 2017, formal meetings of the USF departmental administrators or faculty members of the USF Psychology Department at which Ms. Garrett's complaint against Thurston at issue in this litigation was discussed.

**Request for Production No. 27**

To the extent not otherwise requested above, all correspondence, notes, memoranda or any other written document that references or relates to Plaintiff's complaints against Andrew Thurston at issue in this litigation, authored by the following persons:

    a.    Joanne M. Adamchak
    b.    Dr. Tammy Allen
    c.    Dr. Michael Braun
    d.    Crystal Coombes
    e.    Joshua Cutchens
    f.    Margaret Denney
    g.    Megan Deremiah
    h.    Lorna Dwyer
    i.    Joanna Ellwood
    j.    Dr. Jose Hernandez, or such other person serving as Chief Diversity Officer
    k.    Winston G. Jones, or such other serving as Director of the Office of Student Rights and Responsibilities
    l.    Danielle McDonald
    m.    Dr. Allison Cleveland-Roberts
    n.    Dr. Toru Shimizu
    o.    Maria Zale
    p.    Any Director of the USF Center for Victim Advocacy and Violence Prevention

(Doc. 40, p. 6).

Based on the parties' representations, the USF Board now has provided documents, dated before November 30, 2017, responsive to this request for production, except for documents authored by Joanne M. Adamchak. Ms. Garrett's counsel clarified at the hearing that this request seeks only documents dated before November 30, 2017. Therefore, except for the request for production for documents from Ms. Adamchak, the motion to compel is denied as moot as to this request.

With respect to documents from Ms. Adamchak, the USF Board asserts these

documents are privileged, but have not included them on a privilege log. The USF Board also informed the court Ms. Adamchak has few documents responsive to this request. The USF Board must submit these documents to the court for in camera review so the court can determine which documents, if any, are protected under attorney-client privilege. Contemporaneous with submitting the documents, the USF Board also must submit a privilege log for these documents to Ms. Garrett's counsel and the court. The privilege log must comply with this court's Handbook on Civil Discovery Practice, which is available on the court's website. The USF Board must submit Ms. Adamchak's documents and the privilege log to the undersigned's chambers, via email or hand delivery, by **1:00 p.m. on August 24, 2018**.

### Request for Production No. 28

> Any correspondence received after the filing of this lawsuit from any current or former student which comments on the lawsuit.

(Doc. 40, p. 8).

This request, in its current wording, is not proportional to the needs of this case because it broadly seeks any correspondence without regard to the recipient. By way of example, as drafted, this request would reach casual email correspondence among students maintained on the USF email server. After discussion with counsel, the court narrows this request and grants the motion to the extent that the USF Board must produce (with student names redacted) the following:

> Any formal complaint or correspondence by, or on behalf of, a current or former student to the USF Title IX Coordinator (Office of Diversity, Inclusion & Equal Opportunity and/or the Office of Student Rights and

4

Responsibilities (OSRR))[2] that substantively comments on Ms. Garrett's lawsuit against Thurston and any publicly available correspondence (i.e., public record documents) to the USF Center for Victim Advocacy that substantively comments on Ms. Garrett's lawsuit against Thurston.

Ms. Garrett's motion to compel a broader set of documents responsive to this request for production is otherwise denied.

### Request for Production No. 29

On November 20, 2017, USF System President Judy Genshaft sent an electronic mail message to, "Students, Faculty, Staff, Alumni and Friends," bearing subject line "Message from the USF System President." With respect to that message, please produce:

    a.    Documentation of the "…several educational programs to prevent sexual violence and raise awareness about this important issue" referenced in the second paragraph of the message.

    b.    All documentation that reflects "the rights of the accused" referenced in the third paragraph of the message."

    c.    All documentation of the training received by the "highly trained response teams" referenced in the second paragraph of the message.

    d.    All written responses received to the message.

(Doc. 40, p. 9).

Based on the USF Board's representations, and confirmed by Ms. Garrett's counsel, documents responsive to subsections a, b, and c now have been produced.

---

[2] During the August 22nd hearing, this office was referred to as the Title IX Office. In reformulating the request, the court included official names, pulled from documents in this case. (*See* Doc. 22-2) (December 6, 2016 correspondence to Ms. Garrett from USF's Lead Title IX Investigator).

Therefore, Ms. Garrett's motion to compel with respect to those subsections of the request is denied as moot.

With respect to "all written responses received to the message," consistent with the court's ruling on request 28, the court reformulates this request for production and grants Ms. Garrett's motion to the extent that the USF Board must produce the following:

> Any formal complaint or correspondence by, or on behalf of, a current or former student to the USF Title IX Coordinator (Office of Diversity, Inclusion & Equal Opportunity and/or the Office of Student Rights and Responsibilities (OSRR)) that substantively comments on President Judy Genshaft's November 20, 2017 email, and publicly available correspondence (i.e., public record documents) to the USF Center for Victim Advocacy that substantively comments on President Judy Genshaft's November 20, 2017 email.

### **Request to Depose Joanne Adamchak**

The USF Board objects to Ms. Garrett's request to depose Ms. Adamchack on two grounds. The USF Board claims Ms. Adamchak is an apex witness and Ms. Garrett failed to establish that Ms. Adamchak has direct, first-hand knowledge about facts in this case. (Doc. 42, pp. 4–8). The USF Board also claims any knowledge Ms. Adamchak has about this case is protected by attorney-client privilege. (*Id.* at 8–11).

The apex rule, which protects high-ranking officials from unnecessary and harassing depositions, applies to high-ranking university officials. *Mansourian v. Bd. of Regents of Univ. of Cal. at Davis*, No. CIV S-03-2591 FCD EFB, 2007 WL 4557104 (E.D. Cal. Dec. 21, 2007); *Raml v. Creighton Univ.*, No. 8:08CV419, 2009 WL 3335929 (D. Neb. Oct. 15, 2009). The party seeking to depose an apex witness must

show extraordinary circumstances or special need for the deposition. *In re U.S.*, 985 F.2d 510, 512 (11th Cir. 1993).

The USF Board failed to show Ms. Adamchak qualifies as an apex witness. When asked at the hearing about the organizational structure at USF of which Ms. Adamchack is a part, the USF Board failed to show Ms. Adamchak is a high-ranking official who could not perform her duties if deposed. Further, the USF Board included Ms. Adamchack as an individual likely to have discoverable information in its disclosures under Federal Rule of Civil Procedure 26(a)(1). (Doc. 42-1, p. 10).

Although Ms. Adamchack is not an apex witness, the court reserves ruling on the USF Board's alternative argument for precluding the deposition until it reviews the in camera documents the USF Board must produce by August 24, 2018.

**Request to Depose President Judy Genshaft**

The USF Board objects to Ms. Garrett's request to depose President Genshaft because she is the highest-ranking executive at the university. (Doc. 42, pp. 11–12). The apex deposition rule protects high-level executives who lack unique or personal knowledge of the facts of a case. *Raml*, 2009 WL 3335929, at *2 (quotations and citation omitted). President Genshaft is an apex witness because she is the President of USF and nothing in the record before the court suggests President Genshaft possesses unique, firsthand knowledge of the facts in this case to warrant deposition. Further, at this time, Ms. Garrett failed to exhaust other less intrusive discovery methods (e.g., a Rule 30(b)(6) deposition) before seeking this deposition. Therefore,

7

this deposition request is denied.

**ORDERED** in Tampa, Florida, on August 23, 2018.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge