## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**SAMANTHA L. GARRETT,**

       **Plaintiff,**

**v.**                        **CASE NO: 8:17-cv-2874-T-23AAS**

**UNIVERSITY OF SOUTH FLORIDA**
**BOARD OF TRUSTEES,**

       **Defendant.**

_____/

## DEFENDANT'S MOTION TO COMPEL AND FOR SANCTIONS

The Defendant, UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES (hereinafter "Defendant"), by and through its undersigned counsel hereby moves to compel and for sanctions under Rule 37, Federal Rules of Civil Procedure, and Local Rule 3.04(b), United States District Court, Middle District of Florida.  The Plaintiff previously testified, under oath, at her deposition on May 9, 2018, that she had deleted a recording of a meeting on May 18, 2017.  At her continued deposition on August 30, 2018, the Plaintiff testified, for the first time, that the recording does exist and it is on the Plaintiff's computer.  Despite the fact that the Defendant previously requested this recording, it was not produced to Defendant until August 31, 2018.  Likewise, at her continued deposition, the Plaintiff also testified that she has a full copy of all of the text messages between her and Andrew Thurston.  However, she has failed to produce those text messages.  Therefore, based on the Plaintiff's willful failure to produce documents and provide consistent testimony under oath, the Defendant seeks to compel forensic examinations of the Plaintiff's computer and cellular telephone as well as to re-open the deposition of Plaintiff to inquire as to this information.  As the Plaintiff has caused the need for this additional discovery,

the Defendant requests that the Court sanction the Plaintiff and require her to bear the costs of the forensic examinations, the cost of re-opening her deposition, and the attorney's fees and costs associated with this motion.  Accordingly, for the reasons further explained in the accompanying memorandum of law, the Defendant respectfully requests that this Motion to Compel and for Sanction be granted.

## MEMORANDUM OF LAW

As the Court is familiar with the background of this case, (see Defendant's Response to Plaintiff's Motion to Compel Depositions and to Overrule Objections to Request to Produce (Dkt. No. 42; Defendant's Response)), the Defendant does not restate the background in this motion, but incorporates by reference the background information in Defendant's Response.

### I.      Legal Standard

Under Rule 26(b), Federal Rules of Civil Procedure, the parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b).  A party may move to compel when another party fails to produce documents as requested under Rule 34.  Fed. R. Civ. P. 37(a)(3).  Rule 37(a)(4) provides that "[f]or purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond."  Fed. R. Civ. P. 37(a)(4). If a motion to compel is granted, the court must award the reasonable expenses incurred in making the motion unless the conduct was substantially justified or it would be unjust.  Fed. R. Civ. P. 37(a)(5). The Plaintiff, as the party resisting the production of documents, bears the burden of justifying her failure to produce these documents. See Gober v. City of Leesburg, 197 F.R.D. 519, 521 (M.D. Fla. 2000); see also Henderson v. Holiday CVS, L.L.C., 269 F.R.D. 682, 686 (S.D. Fla. 2010).  As provided in Rule 26(c)(1)(B), the court may, in its discretion, shift the costs associated

with the production to the Plaintiff.  Fed. R. Civ. P. 26(c)(1)(B).

In addition, courts have routinely recognized that they may compel the forensic examination of a party's computer or other electronic devices.  See Koosharem Corp. v. Spec Pers., LLC, CIVA 608-583-HFF-WMC, 2008 WL 4458864, at *2 (D.S.C. Sept. 29, 2008) ("The only issue before this court is whether forensic analysis should be conducted on the subject computers because of the defendants' failure to produce documents and because of relevant electronic information stored on the computers. This court finds that such forensic analysis is appropriate in this case."); see also NOLA Spice Designs, LLC v. Haydel Enterprises, Inc., CIV.A. 12-2515, 2013 WL 3974535, at *3 (E.D. La. Aug. 2, 2013) (observing that "courts have permitted restrained and orderly computer forensic examinations where the moving party has demonstrated that its opponent has defaulted in its discovery obligations by unwillingness or failure to produce relevant information by more conventional means"); Robinson v. City of Arkansas City, Kan., 10-1431-JAR-GLR, 2012 WL 603576, at *17 (D. Kan. Feb. 24, 2012); White v. Graceland Coll. Ctr. for Prof'l Dev. & Lifelong Learning, Inc., CIV.A. 07-2319-CM, 2009 WL 722056, at *8 (D. Kan. Mar. 18, 2009); Orrell v. Motorcarparts of Am., Inc., CIV. 3:06CV418-R, 2007 WL 4287750, at *8 (W.D.N.C. Dec. 5, 2007); Hardin v. Belmont Textile Mach. Co., 305CV492-MU, 2007 WL 2300795, at *4 (W.D.N.C. Aug. 7, 2007); Simon Prop. Group L.P. v. mySimon, Inc., 194 F.R.D. 639, 641 (S.D. Ind. 2000); Playboy Enterprises, Inc. v. Welles, 60 F. Supp. 2d 1050, 1053 (S.D. Cal. 1999) ("The Court finds it likely that relevant information is stored on the hard drive of Defendant's personal computer.").

Courts also have recognized that a forensic examination is particularly warranted in a case involving inconsistencies in the evidence or testimony.  See, e.g., Koosharem Corp., 2008 WL 4458864, at *2; Orrell, 2007 WL 4287750, at *8; Simon Prop. Group, L.P., 194 F.R.D. at 641.

Additionally, when the producing party has engaged in bad faith, it is appropriate to shift the cost of the forensic examination to the producing party. See Orrell, 2007 WL 4287750, at *9. Likewise, the court also has the discretion to require a party to pay the costs of attending a deposition. See Rivers v. Asplundh Tree Expert Co., 508CV61RSEMT, 2009 WL 3087279, at *1 (N.D. Fla. Sept. 23, 2009); Preferred Care Partners Holding Corp. v. Humana, Inc., 08-20424-CIV-UNGARO, 2009 WL 982460, at *12 (S.D. Fla. Apr. 9, 2009) (requiring the producing party to pay the costs of the depositions because "the purpose of this sanction, in part, is to punish and deter [the party's] gross negligence of its discovery obligations").

## II.    Request No. 40

On March 30, 2018, the Defendant served its First Request for Production of Documents to Plaintiff.  (See Exhibit A).  In Request No. 40, the Defendant sought the following documents:

> Copies of any personal notes, recordings, photographs, videotapes, diaries, journals, calendars, chronology, or any other written documents that reflect your conversations with any current or former employee of Defendant regarding your complaints about the University, the events or allegations recited in the Complaint, or your alleged injuries or damages claimed in this action.

(Id.).  On May 4, 2018, the Plaintiff responded to the request as follows:

> **RESPONSE: See response to item 1, including without necessary limitation Bates Numbers 517-892.**

(See Exhibit B).  In response to Request No. 1, the Plaintiff responded as follows:

> **RESPONSE: See all previously Bates numbered documents 1-1463 produced on February 2, 2018 with Plaintiff's Rule 26 Disclosure and all documents produced with these responses.**

(Id.).  As demonstrated above, the Plaintiff did not object to this discovery request.  However, she did not produce any recordings.

During the Plaintiff's deposition on May 9, 2018, the Plaintiff admitted that, by using her cellular telephone, she made a secret recording of a meeting between her, Megan Deremiah, and

Crystal Coombes on May 18, 2017.  (See Exhibit C [Pl. Dep. 177, 194]).  Ms. Deremiah and Ms.

Coombes were both employed by the University.  The Plaintiff testified that the purpose of this

meeting "was to discuss the remedies, the interim measures, that she [Crystal Coombes] talked

about putting into place."  (Exhibit C [Pl. Dep. 177]).   The Plaintiff also referenced this meeting

and the secret recording in her Complaint.  (See Complaint ¶¶ 44-45). Furthermore, the Plaintiff

testified in her first deposition that she made a transcript from this recording.  (See Exhibit C [Pl.

Dep. 182]).  In fact, on May 19, 2017 – the day after the meeting where she made the secret

recording – the Plaintiff provided a copy of this transcript to Megan Deremiah.  (See Exhibit D).

In her first deposition on May 9, 2018, the Plaintiff testified that she deleted this recording.

Specifically, she stated the following under oath:

> Q.    Was it true that you deleted the recording?
> A.    After the fact, after she told me it was illegal, yes.
>              . . . .
> Q.    And the reason you – the reason you deleted it was after you were
>        told that it was illegal?
> A.    Yes.

(Exhibit C [Pl. Dep. 182-183]).  In addition, the Plaintiff also told Megan Deremiah, a victim

advocate, that she deleted the recording after she transcribed it.  (See Exhibit E).  Despite this

testimony under oath, on August 30, 2018, at the continued deposition of the Plaintiff, the Plaintiff

testified, under oath, that she did not delete the recording and that it still resides on her computer.

(Exhibit F [Excerpt of Pl. Dep. 5].  Specifically, the Plaintiff testified:

> Q.    I'm just trying to get an idea for the accuracy, because what I'm getting to
>        is, you destroyed the recording.
> A.    No.
> Q.    You didn't?
> A.    No.
> Q.    What did you do with it?
> A.    It's still on my computer.
> Q.    Okay.  So, what did you do with the transcript when you put it together?

A.     I sent it to Megan in the e-mail that you just handed me and I asked her if I missed anything or got anything incorrect.

Q.     And, so, you can testify that this is an accurate portrayal of the audiotape?

A.     Yes.

(Id.).

Immediately upon the conclusion of the deposition, before the parties left the room of the deposition, the undersigned counsel notified the Plaintiff's counsel that the Plaintiff had not produced any recording and that she, in fact, previously had denied the existence of a recording. The Plaintiff's counsel said that she would have to talk with her client and co-counsel.

Shortly thereafter, the Defendant sent an e-mail to the Plaintiff's counsel outlining the contradictory testimony regarding the recording and the Plaintiff's deficient discovery responses. (See Exhibit G).  The Defendant requested an immediate conference to try to resolve this issue in an advance of a motion to compel.   (See id.).   Despite the fact that today is the close of the discovery period and that the parties would be meeting in person for depositions, the Plaintiff's counsel suggested conferring next week regarding this matter.   (See Exhibit H).   However, this morning, shortly before the deposition of Joanne Adamchak, the Plaintiff provided a supplemental discovery response where she now states:

**AMENDED RESPONSE**:  **See the attached recording – "Title IX".**

(See Exhibit I).  On the day discovery closes, the Plaintiff has now produced what she represents to be the recording of the May 18, 2017, meeting, despite her previous testimony that she deleted this recording.

This recording also is even more problematic because, while the Plaintiff testified, under oath, that her written transcript is an accurate portrayal of the audiotape (see Exhibit F [Excerpt of Pl. Dep. 5]), based on the recording now provided by the Plaintiff, it is not.  There are numerous exchanges missing from the transcription, which appear on the audiotape, and are directly relevant

to the issues in this case.  The Plaintiff's decision to deny the existence of the recording, provide inconsistent statements under oath, and withhold this information is intentional and a willful violation of her discovery obligations in this case.

There can be no dispute that this recording falls within the discovery request served by the Defendant on March 30, 2018.  There was no basis for the Plaintiff to deny the existence of or withhold this recording until the close of the discovery.  By failing to produce this recording and affirmatively denying its existence, the Plaintiff clearly has defaulted on her discovery obligations. Given the Plaintiff's conduct, the Defendant is entitled to a forensic examination of her computer and the cellular telephone used to make this recording in order to determine the authenticity of this recording, when it was created, when it was opened, whether it was modified, and when it was saved or accessed on the computer and telephone. These issues are directly relevant to the Plaintiff's claims as well as her credibility.  In addition, the Defendant is seeking a narrow forensic examination to obtain specific information that is relevant and proportional to the needs of the case.  It is not seeking an overbroad or boundless search of the Plaintiff's electronic data.  Instead, a forensic examination is necessary because of the Plaintiff's failure to comply with her discovery obligations and her inconsistent statements under oath.  Therefore, the Defendant is entitled to discovery on these issues.  See, e.g., Koosharem Corp., 2008 WL 4458864, at *2.

After receiving the results of the forensic examinations, the Defendant also is entitled to re-open the deposition of the Plaintiff to inquire about the information received from the forensic examinations, the content of this recording, and the transcript that the Plaintiff allegedly created from this recording.  See, e.g., Preferred Care Partners Holding Corp., 2009 WL 982460, at *12.

In addition, given that the Plaintiff provided inconsistent testimony, improperly withheld this recording until the close of discovery, willfully defaulted on her discovery obligations in this

case, and otherwise engaged in bad faith discovery tactics, the Plaintiff should bear the cost of the

forensic examinations, the cost associated with re-opening her deposition, and the attorney's fees

and costs associated with the filing this motion.  See, e.g., Orrell, 2007 WL 4287750, at *9.

**III.    Request No. 28**

In Request No. 28, the Defendant sought the following documents:

> Copies of any and all e-mail or text messages (other than communications with counsel) that support or contradict the allegations in the Complaint, relate to your complaints about the University, reflect communications with any current or former employee of the University, or relate to the filing of this lawsuit.

(See Exhibit A).  On May 4, 2018, the Plaintiff responded to this request as follows:

> **RESPONSE:  Plaintiff has no documents contradicting any allegations in the Complaint.   All other requested documents, see  Response  to item 1.**

(See Exhibit B).  Additionally, in Request No. 6, the Defendant sought the following documents:

> The  documents  reflecting  or  relating  to  communications  or  correspondence with any of the individuals identified in your  disclosures made  pursuant  to Rule 26(a) or with  individuals  identified  in  response  to  Defendant's  First  Set  of Interrogatories,  including,  but  not  limited  to,  any  witness  statements,  affidavits, declarations, letters, e-mail, voice, or text messages, postings,  or  other statements made by any individual with knowledge  of your claims or the facts underlying those claims.

(See Exhibit A).  The Plaintiff has identified Andrew Thurston on her Rule 26(a) disclosures.  (See

Exhibit J).  The Plaintiff provided the following response:

> **RESPONSE:  See Response Number 1.**

(See Exhibit B).  In response to Request No. 1, the Plaintiff provided the following response:

> **RESPONSE:  See all previously Bates numbered documents 1-1463 produced on February 2, 2018 with Plaintiff's Rule 26 Disclosure and all documents produced with these responses.**

(See id.).  As demonstrated above, the Plaintiff did not object to these discovery requests.

However, she has not produced a full copy of all of the text messages between her and Andrew

Thurston in her possession, custody, or control.

During the Title IX investigation, Andrew Thurston provided a document containing his text message exchanges with Samantha Garrett.  This document contains 1,438 text messages between Mr. Thurston and Ms. Garrett.  On July 20, 2018, the Defendant sent the following request for admission to Plaintiff:

> The document identified as Exhibit D, which is attached hereto, is a true and correct copy of the messages between Andrew Thurston and Samantha Garrett.

(See Exhibit K).[1]  The Plaintiff responded to this request for admission on August 17, 2018, as follows:

> **RESPONSE: Admitted in part and denied in part.  Plaintiff admits that the document constitutes a chart of text messages between Andrew Thurston and Plaintiff on the dates indicated. However, denied that the chart is, in all respects accurate as to who sent and who received each message. Many entries are accurate, but many are known, questioned, or believed to Plaintiff to be inaccurate, including certain messages as follows: on DFT000137 on November 14, 2016, at times 13:34 – 16:46 and 16:59 – 17:00 and 17:30; DFT000138 on November 14, 2016, at times 17:32 – 17:43 and 18:07 – 21:13; DFT000144 on November 18, 2016, at times 12:26 – 12:31; DFT000150 on November 19, 2016, at times 22:13 – 22:17; DFT000153 on November 21, 2016, at times 16:19 – 16:56 and 22:04 – 22:20; DFT000154 on November 22, 2016 at times 7:16 – 8:46; DFT000155 on November 22, 2016, at times 16:24 – 16:32, 16:46 – 16:53 and 17:09 – 17:11; DFT000156 on November 22, 2016 at times 17:28 – 17:30, 17:34, 17:47 – 18:13;  DFT000158 on November 22, 2016 at times 19:43 – 21:12.  Further, Plaintiff cannot admit or deny the request as to any content on page DFT000136 that is obscured by the black box.**

(See Exhibit L).

At her continued deposition on August 30, 2018, the Plaintiff admitted that the content of these messages is correct, but asserts that, for several of the messages, the document "mixes up the sender and the receiver of the texts." (Exhibit M [Excerpt of Pl. Dep. 5]).  She represented that

---

[1] Due to the length of the exhibits to the requests for admission, the Defendant has not attached copies of the exhibits to this motion.  If the Court would prefer to have copies of these exhibits, the Defendant will provide them.

she has "the full copy of all of the text messages," which properly identifies the recipient.  (Exhibit M [Excerpt of Pl. Dep. 6-7]).  She further represented that these documents have been produced in this case.  (See Exhibit M [Excerpt of Pl. Dep. 7]).  However, upon review of the Plaintiff's production, she only produced 337 text messages between her and Andrew Thurston.  (See S GARR_Feb2018_000205-000285).[2]

A quick review of this production shows that it is deficient in many ways.  First, none of the text messages on the first three pages of the spreadsheet provided by Andrew Thurston appear in the Plaintiff's version of these text messages.  In addition, many of the text messages provided by the Plaintiff are cut-off or missing dates and times.

There can be no dispute that the text messages between Samantha Garrett and Andrew Thurston fall within the discovery requests made in this case.  She has not asserted any objections to these discovery requests.  The Plaintiff also admits that she has copies of all 1,438 text messages. (Exhibit M [Excerpt of Pl. Dep. 6-7]). Yet, despite her statement that she has produced all of these text messages, she has failed to do so.  By failing to produce these documents, the Plaintiff clearly has defaulted on her discovery obligations.  There is no basis for her to continue to withhold these text messages.

Given the Plaintiff's conduct, including her inconsistent representations regarding these text messages, the Defendant is entitled to a forensic examination of her cellular telephone in order to obtain a full copy of all of the text messages between her and Thurston in her possession, custody, or control and to establish the authenticity of these messages, when they were sent or received, who sent or received them, when they were accessed, and whether they have been

---

[2] Due to the length of these documents, the Defendant has not attached them to this motion.  If the Court would prefer to have copies of these documents, the Defendant will provide them.

modified.  These issues are directly relevant to the Plaintiff's claims as well as her credibility.  In addition, the Defendant is seeking a narrow forensic examination to obtain specific information that is relevant and proportional to the needs of the case.  It is not seeking an overbroad or boundless search of the Plaintiff's electronic data.  Instead, it is only seeking the information that the Plaintiff should have produced in the first place and a forensic examination is necessary based on the Plaintiff's inconsistent statements under oath. Therefore, the Defendant is entitled to discovery on these issues.  See Koosharem Corp., 2008 WL 4458864, at *2.

After receiving the results of the forensic examination, the Defendant also is entitled to re-open the deposition of the Plaintiff to inquire about the information received from the forensic examination, including the content of the text messages.  See, e.g., Preferred Care Partners Holding Corp., 2009 WL 982460, at *12.

In addition, given that the Plaintiff has made inconsistent representations about these text messages, including her production of these text messages, has improperly withheld these messages until after the close of discovery, has willfully defaulted on her discovery obligations in this case, and otherwise has engaged in bad faith discovery tactics,  the Plaintiff should bear the cost of the forensic examination of her cellular telephone, the cost associated with re-opening her deposition, and the attorney's fees and costs associated with the filing of this motion.  See, e.g., Orrell, 2007 WL 4287750, at *9.

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, the Defendant respectfully requests that the Court grant this motion, require the Plaintiff to produce her computer and cellular telephone for forensic examination by E-Hounds, Inc., allow the Defendant to re-open the Plaintiff's deposition after the forensic examinations, and require the Plaintiff to bear the cost of the forensic

examinations, the cost of re-opening the Plaintiff's deposition, and the attorney's fees and costs associated with filing this motion.

## <u>CERTIFICATION OF GOOD FAITH</u>

Pursuant to Rule 37 and Local Rule 3.01(g), the Defendant has conferred in good faith with the Plaintiff regarding the relief requested in this motion.  The Defendant conferred with the Plaintiff in person following the deposition of the Plaintiff, by e-mail, and again in person on August 31, 2018.  The Plaintiff's counsel indicated that he was opposed to the relief requested with respect to the forensic examinations, but that he needed more time to confer with his client regarding the other relief requested.  Given that today is the close of discovery and the deadline to file any motions to compel and the Plaintiff's opposition to the forensic examinations, the Defendant explained that it would be proceeding with this motion.

DATED this <u>31st</u> day of August, 2018.

<div style="margin-left: 40%;">

Respectfully submitted,

*/s/ Thomas M. Gonzalez*
Thomas M. Gonzalez
Florida Bar No. 192341
Sacha Dyson
Florida Bar No. 509191
Thompson, Sizemore, Gonzalez
& Hearing, P.A.
Street: 201 North Franklin Street, Suite 1600
Tampa, Florida 33602
Mail: Post Office Box 639
Tampa, Florida 33601
Telephone: 813-273-0050
tgonzalez@tsghlaw.com
sdyson@tsghlaw.com

and

Joanne M. Adamchak
Florida Bar No. 943037
Associate General Counsel

</div>

Office of the General Counsel
University of South Florida
4202 E. Fowler Avenue, CGS 301
Tampa, FL  33620-4301
Telephone: 813-974-2131
jadamcha@usf.edu
Attorneys for the Defendant

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished this

31st day of August, 2018, by CM/ECF electronic filing to the Clerk of Court and to the following:

Michael T. Dolce
Cohen Milstein Sellers & Toll, PLLC
2925 PGA Blvd., Suite 200
Palm Beach Gardens, FL 33410
mdolce@cohenmilstein.com
Attorney for the Plaintiff

*/s/ Thomas M. Gonzalez*
Attorney