IN THE UNITED STATES DISTRICT COURT IN
AND FOR THE MIDDLE DISTRICT OF FLORIDA

SAMANTHA L. GARRETT,

    Plaintiff,

v.

UNIVERSITY OF SOUTH FLORIDA BOARD OF
TRUSTEES,

    Defendant.
_____/

CASE NO: 8:17-cv-2874-T-23AAS

## PLAINTIFF'S RESPONSE IN OPPOSITION OF DEFENDANT'S MOTION TO COMPEL AND FOR SANCTIONS

Plaintiff, Samantha Garrett, by and through undersigned counsel, hereby responds in opposition to Defendant's Motion for Sanctions and Motion to Compel, and states:

A.     Motion to Compel as to Recording Itself

    1.     First, Defendant's Motion to Compel production of the recording of the May 19, 2017 meeting between Plaintiff and Defendant's employees, Crystal Combes and Megan Deremiah, was moot before the motion was filed, because the recording was provided to the Defendant as soon as the inadvertent failure to produce it sooner was discovered.

B.     Delayed Production of the Recording

    2.     In the second of her deposition sessions, in August 2018, Plaintiff was not asked to explain a possible discrepancy with her May 2018 testimony that she had deleted the recording, to the extent that there was even a discrepancy. In this regard:

        a.     In her May 2018 testimony, Plaintiff testified that she had deleted the recording shortly after it was made, but that she had made a transcript of the recording, which Defendant acknowledges it has:

Q.     Why did you destroy it?
A.     I didn't destroy it.
Q.     Take a look at page 790.

> A. Okay.
> Q. "Advocate called the client with director present. Advocate explained the current situation and explained that she would have to file a report. The client said that she had already deleted the recording after she transcribed it." Is that true?
> A. No.
> Q. You didn't say that?
> A. No. I didn't say that.
> Q. Was it true that you deleted the recording?
> A. After the fact, after she told me it was illegal, yes.
> Q. You transcribed it, though.
> A. Yes, that night.
>   ....
> Q. And the transcript that's been produced is a transcript that you made from this tape?
> A. Yes.

Pl. Depo., May 9, 2018, at 181 – 182. (Attached as Exhibit A)

    b. This line of questioning confirmed someone else's notes (USF Victim Advocate Megan Deremiah.) In this testimony, Plaintiff was not asked if she ever endeavored to recover the deleted recording or succeeded in such an effort. In the August deposition session, Plaintiff plainly disclosed, when asked, that she has the recording. Again, she was not asked how that could be, since she had testified to deleting the recording when USF officials claimed to her that it was illegal. As set forth in the affidavit of Plaintiff Samantha Garrett being filed contemporaneously with this response, she did, in fact, delete the recording as she described, shortly after it was made. Subsequently, in preparation for this lawsuit, she realized that she was able to recover the deleted recording from her computer's "I-Tunes account," which she then did, and provided it to her undersigned attorney.

    3. The undersigned hereby confirms that the recording was received in preparation for the filing of this lawsuit. In producing Plaintiff's Rule 26 disclosure, the contents of which exclusively contained paper documents, counsel did not provide a copy of the recording, as it

was not being relied upon. That said, in response to subsequent request to produce, the undersigned agrees that the recording would have been responsive to request item 40 as a recording with an employee of Defendant regarding complaints about the University. The failure to produce the recording was completely inadvertent and was not discovered until USF's counsel pointed out Plaintiff's August 30 deposition testimony; within a few business hours, the mistake was confirmed, and the recording produced.

4. Notwithstanding, Plaintiff respectfully asserts that there has been no material prejudice to the Defendant based on these facts:

    a. Defendant has always had the transcript of the recording; in fact, because the transcript was provided by Plaintiff to USF's employee shortly after the recording was made, USF had the transcript long before this suit was filed.

    b. USF previously showed no particular concern about the content of the transcript or its accuracy. In fact, Crystal Coombes, the person whose statements were being recorded, testified in this matter on August 21, 2018, that as of that late date, she had never been presented with the transcript. Her testimony was:

> Q: Ma'am, you've been handed Exhibit 19. It's a lengthy document. It purports to be an e-mail with an attachment, which the attachment purports to be a transcript of a meeting. For the record, it's Bates numbers DFT 2311 consecutive through DFT 2328. If you could please take a look at the exhibit and let me know if you recognize it.
>
> A: This is the first time I believe I've seen this document, and I've never seen what's attached. I had heard that there was some sort of transcript, but I've never seen it.
>
> Q: Earlier you made a reference to a recording.
>
> A: Is that what this is, a transcript of the recording?
>
> Q: It purports to be.

C. Coombes Depo. at 93. (Attached as Exhibit B)

In this regard, a party's misconduct is harmless if it involves an honest mistake, coupled with sufficient knowledge by the other party of the material that has not been produced. *Burney v. Rheem Mfg. Co.*, 196 F.R.D. 659, 691 (M.D.Ala.2000).

C.  Motion to Compel as to Text Messages

5.  a.  Defendant's Motion to Compel as to text messages between Plaintiff and the sexual assault perpetrator at issue, Andrew Thurston, that were *actually* requested by the Defendant were produced long ago to the Defendant. In fact, all such text messages were produced before they were requested, as part of Plaintiff's initial Rule 26 disclosure. It is axiomatic that a motion to compel that which was never requested is improper. In this regard, the request for production item at issue, requests only those text messages, "that support or contradict the allegations in the Complaint, relate to your complaints about the University, or relate to the filing of this lawsuit." On its face, this request does not seek, as Defendant's suggest, each and every text message between the two people. It only seeks those which, in Plaintiff's view, are pertinent to the allegations of the lawsuit, her complaints against the university, or, the filing of this suit. Those were included in Plaintiff's Rule 26 disclosures.

b.  There are numerous text messages between the people involved that relate to commonplace events before the subject assault occurred. Defendant did not ask for those.[1] Discovery conduct should be found substantially justified under Rule 37 if it is a response to a genuine dispute, or if reasonable people could differ as to the appropriateness of the conduct. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

---

[1] It also warrants note that even if Plaintiff's interpretation of the document request was improper, Defendant can claim no surprise or prejudice, as it had a spreadsheet of all text messages between Plaintiff and Mr. Thurston before this suit was even filed. In connection with USF's Title IX investigation, well before this lawsuit was filed,

4

c. On its face, Fed. R. Civ. P. 37 provides that, "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information. . . at trial unless the failure was substantially justified or harmless." The burden of establishing that a failure to disclose was substantially justified or harmless rests on the non-disclosing party. *Fanelli v BMC Software*, 2015 WL 13122473 (N.D.G.A. April 29, 2015).

D. Sanctions Request

6. Plaintiff does not contest that, under the totality of the circumstances, Defendant may re-open Plaintiff's deposition for the limited purpose of inquiring about the deletion and recovery of the recording and the content of the recording itself to the extent USF may believe that its content differs from the transcript in it is possession (Plaintiff does not believe that there is any such difference).

7. Plaintiff objects to the need for any forensic evaluation of her computer or cellular telephone. As to the text messages, as discussed above, Plaintiff did not fail to produce what was requested. Further, Defendant appears to be in possession of all text messages anyway, as obtained from Mr. Thurston. As to the recording, Defendant fails to demonstrate any such need, notably as to authenticity. Defendant already subjected Plaintiff to an on-campus disciplinary process regarding the fact that the recording was made – a fact not in dispute – and has had the transcript since before the suit was filed. Defendant has shown no interest in ascertaining the accuracy of the transcript, as Crystal Coombes herself was not shown the transcript to ascertain its accuracy, before, or after this suit was filed.

In *Klayman v. City Pages*, 2014 WL 5426515 (M.D. Fla. Oct. 22, 2014), the court denied plaintiff's motion to appoint a computer expert to perform an evaluation on the defendant's

---

Mr. Thurston provided that spreadsheet to the University. That spreadsheet was part of USF's initial Rule 26

5

computer. In *Klayman*, plaintiff contended, "in light of defendants' failure to comply with relevant discovery law, a third-party computer expert is necessary to search defendants' work and personal computers, telephone records and cell phone records." The court reasoned, before compelling such an inspection, the court must weigh inherent privacy concerns against utility. The court further stated, (citing), *Wynmoor Community Council, Inc. v. QBE Ins. Corp.*, 280 F.R.D. 681, 687 (S.D.Fla.2012), courts should consider whether the responding party had not produced any electronically stored information and was unwilling to conduct a search of its computer system for responsive documents before compelling such an intrusive examination. Like *Klayman*, this Court should deny the Defendant's request, as the recording, and a transcription, along with all relevant text messages have been provided to the Defendant. The defense has no good faith basis to challenge the authenticity of the recording, and no one is contending that the transcription differs from the contents contained in the recording.

*Benzion v. Vivent, Inc.*, 2013 WL 12304563 (S.D. Fla. Sept. 20, 2013), also noted the necessity of courts to be mindful of the potential intrusiveness of forensic imaging of electronic devices. Like *Klayman*, the *Benzion* court reasoned, the court must weigh the inherent privacy concerns against the utility of obtaining this form of discovery. *Benzion* noted, courts should assess the Plaintiff's legitimate privacy concerns against the Defendant's purported need for the requested discovery. Because the Defendant is in possession of the recording of the May 19, 2017 meeting, as well as a transcription provided by Plaintiff of the recording, such an overly broad search of the entire contents of Plaintiff's cell phone and computer has the potential to reveal, without justification, protected attorney-client communications; an intrusion which is simply not warranted in this matter.

---

disclosures.

In closing, courts compelling production of forensic evaluations have done so in the face of clear attempts to misrepresent documents requested by the opposing party. In *Koosharem Corp. v. Spec Pers.*, 2008 WL 4458864, a case cited by the Defendant, the defendant, in response to the plaintiff's request for production, produced documents that contained clearly altered documents. The substance of the lawsuit in *Koosharem* was plaintiff's assertion that the defendant utilized confidential and proprietary information to hire away staff of the plaintiff, and open a competitor business. At the heart of the dispute was communications by the defendant via email with the employees later hired by the defendant. This case is clearly distinguishable. No such evidence exists in the instant case to support any contention that the Plaintiff attempted to conceal, or distort any evidence related to the May 19, 2017 meeting, or text messages relevant to this claim. Accordingly, the Defendant has failed to outline any basis for a forensic examination of Plaintiff's cell phone and computer that would be relevant to support any claim or defense in this case and such a broad intrusion is not proportional to the needs of this case.

WHEREFORE, Plaintiff respectfully requests this Honorable Court DENY the Defendant's motion and relief sought, except as to the relief sought for a limited deposition of the Plaintiff to inquire about the recording, its deletion and recovery, and any inconsistencies Defendant contends exist between the transcription and the recording.

Respectfully submitted,

*/s/ Jatisha Richardson for*

MICHAEL DOLCE, ESQ.
Florida Bar No.: 048445
mdolce@cohenmilstein.com
Cohen Milstein Sellers & Toll, PLLC
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL  33410
(561) 515-1400

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of September 2018, I electronically filed a true and correct copy of the foregoing via the Courts E-Filing Portal, causing service upon those listed below:

Thomas M. Gonzalez
tgonzalez@tsghlaw.com; sknox@tsghlaw.com; kharris@tsghlaw.com; MMcLeod@tsghlaw.com; awhiteside@tsghlaw.com
Sacha Dyson
sdyson@tsghlaw.com
Thompson, Sizemore, Gonzalez & Hearing, P.A.
201 North Franklin Street, Ste. 1600
Tampa, FL  33602
Phone: (813)-273-0050
Attorneys for University of Florida

Cohen Milstein Sellers & Toll, PLLC
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL  33410
(561) 515-1400
(561) 515-1401 (facsimile)

By: */s/ Jatisha Richardson for*
MICHAEL DOLCE, ESQ.
Florida Bar No.: 048445
mdolce@cohenmilstein.com