UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAMANTHA L. GARRETT,

    Plaintiff,

v.                                           Case No. 8:17-cv-2874-T-23AAS

UNIVERSITY OF SOUTH FLORIDA
BOARD OF TRUSTEES,

    Defendant.
_____/

## ORDER

The University of South Florida Board of Trustees (USF Board) moves to compel forensic examinations of Ms. Garrett's personal computer and cellphone. (Doc. 49). The USF Board also moves to re-open Ms. Garrett's deposition. (*Id.*). And the USF Board moves for an award of attorney's fees and costs related to this discovery dispute against Ms. Garrett. (*Id.*). Ms. Garrett opposes the USF Board's motion. (Doc. 54).

The USF Board's requests for forensic examination of Ms. Garrett's personal computer and cellphone are disproportional to the needs of this case. But due to the recording Ms. Garrett's counsel recently produced to the USF Board and Ms. Garrett's failure to provide text messages responsive to a discovery request, the USF Board may re-open its deposition of Ms. Garrett. Therefore, the USF Board's motion to compel is **GRANTED-IN-PART** and **DENIED-IN-PART**.

1

## I. BACKGROUND

Ms. Garrett (a USF student) sued the USF Board under Title IX of the Education Amendments of 1972, 20 U.S.C. Section 1681. (Doc. 1). Ms. Garrett alleges she suffered from a hostile educational environment due to the USF Board's actions and the USF Board retaliated against her in violation of Title IX. (*Id.*).[1]

Ms. Garrett's claims against the USF Board originate from an incident in which she claims Andrew Thurston (a fellow USF student) sexually battered and raped her. (*Id.* at 3). According to Ms. Garrett, USF violated Title IX in its response to her assault, and that violation resulted in a hostile educational environment. (*Id.* at 4–18).

Ms. Garrett also claims the USF Board violated Title IX when it retaliated against her. (*Id.* at 37–40). Ms. Garrett alleges USF charged her for violating the Student Code of Conduct in retaliation for Ms. Garrett's complaints about USF's Title IX violations after her assault. (*Id.* at 18–21). USF's alleged retaliation originates from a conversation between Ms. Garrett, Megan Deremiah, and Crystal Coombes.[2] (*Id.* at 18). Ms. Garrett recorded her conversation with Ms. Deremiah and Ms. Coombes, and USF charged Ms. Garrett for violating Section 90.5035, Florida Statutes, which prohibits illegal recordings. (*Id.*).

---

[1] Ms. Garrett included three counts in her complaint against the USF Board. (Doc. 1). Two counts remain after the order on the USF Board's motion to dismiss. (Doc. 35).

[2] Ms. Deremiah and Ms. Coombes are USF employees involved in USF's investigation of Ms. Garrett's assault allegations. (Doc. 42-1, pp. 2–4).

On the discovery deadline, the USF Board moved to compel forensic examinations of Ms. Garrett's personal computer and cellphone. (Doc. 49). The USF Board also moved to re-open Ms. Garret's deposition and requested attorney's fees and costs associated with this discovery dispute. Ms. Garrett then submitted her response. (Doc. 54).

II. ANALYSIS

A party may obtain discovery about any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Whether requested discovery is proportional partly depends on whether the burden or expense of the proposed discovery outweighs its likely benefit. *Id.*

Discovery is meant to assist parties in ascertaining facts that bear on issues in the case. *ACLU of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1340 (11th Cir. 2017) (citations omitted). That said, discovery may not impose undue burden and the scope is limited by Rule 26(b)(2). *Bank of Magnolia v. M&P Global Financial Serv.*, 258 F.R.D. 514, 518 (S.D. Fla. Apr. 24, 2009).

Discovery into electronically stored information, including forensic examinations, is subject to the scope of discovery under Rule 26(b). Fed. R. Civ. P. 34(a); *U&I Corp. v. Advanced Medical Design, Inc.*, 251 F.R.D. 667, 672 (M.D. Fla. Mar. 26, 2008). When determining whether to permit forensic examinations into electronic devices, including computers and cellphones, courts consider the privacy interest of the party whose devices are to be examined. *Bradfield v. Mid-Continent*

3

*Cas. Co.*, No. 5:13-CV-222-Oc-10PRL, 2014 WL 4626864, at *4 (M.D. Fla. Sept. 15, 2014) (citations omitted); *Valdes v. Greater Naples Fire Rescue Dist.*, No. 2:17-CV-417-FtM-29CM, 2018 WL 4281472, at *6 (M.D. Fla. Sept. 7, 2018). Courts also consider whether the party (whose devices are to be examined) withheld requested discovery; whether the party cannot or will not search for requested discovery; and to extent to which the party complied with past discovery requests. *Bradfield*, 2014 WL 5626864, at *4 (citation omitted).

The Middle District of Florida Discovery Handbook also outlines the limits of electronic discovery. Middle District Discovery (2015) at VII(C). With respect to forensic examinations, the Handbook states: "Inspection of an opponent's computer system is the exception, not the rule and the creation of forensic image backups of computers should only be sought in exceptional circumstances which warrant the burden and cost." Middle District Discovery 2015 at VII(E). Mere speculation that electronic discovery must exist is insufficient to permit forensic examination of a party's personal computer or cellphone. *Klayman v. City Pages*, No. 5:13-CV-143-Oc-22PRL, 2014 WL 5426515, at *4 (M.D. Fla. Oct. 22, 2014).

In its motion to compel, the USF Board requests the following: forensic examinations of Ms. Garrett's personal computer and cellphone at Ms. Garrett's expense; Ms. Garrett's copies of text messages between her and Mr. Thurston; re-opening Ms. Garrett's deposition; and attorney's fees and costs incurred due to re-opening Ms. Garrett's deposition and bringing its motion to compel. (Doc. 49). The

4

court will address the USF Board's requests in turn.

> **A. Forensic Examination of Ms. Garrett's Personal Computer and Cellphone for Information Related to Belatedly Produced Recording**

The USF Board moves for forensic examinations of Ms. Garrett's personal computer and cellphone. (Doc. 49, pp. 4–8). According to the USF Board, forensic examinations of Ms. Garrett's computer and cellphone are necessary due to discrepancies in Ms. Garrett's depositions about the recording of her meeting with Ms. Coombes and Ms. Deremiah. (*Id.*). At her first deposition, Ms. Garrett testified she deleted the recording. (Doc. 49-3, p. 3). At her continued deposition, however, Ms. Garrett testified she did not destroy the recording and the recording was "still in [her] computer." (Doc. 49-6, p. 3).

After Ms. Garrett's continued deposition, the parties' counsel conferred about the recording Ms. Garrett previously claimed she deleted. (Doc. 49, p. 6). Counsel also corresponded via email about the recording. (*Id.*). On the date of the discovery deadline, Ms. Garrett's counsel produced an amended response to the USF Board's request for production, which requested the following:

> Copies of any personal notes, recordings, photographs, videotapes, diaries, journals, calendars, chronology, or any other written documents that reflect your conversations with any current or former employee of Defendant regarding your complaints about the University, the events or allegations recited in the Complaint, or your alleged injuries or damages claimed in this action.

(Docs. 49, p. 4; 49-2, p. 8; 49-9). Ms. Garrett's amended response stated: "See the attached recording – 'Title IX.'" (Doc. 49-9, p. 2). Ms. Garrett's counsel also produced

the recording with her amended response. (Doc. 49, p. 6).

The USF Board argues the recording shows Ms. Garrett's transcription of the recording, a copy of which Ms. Garrett previously gave to Ms. Deremiah, is not "an accurate portrayal" of the recording. (Doc. 49, p. 6). The USF Board argues Ms. Garrett's transcription omits exchanges relevant to claims in this case. (*Id.* at 6–7). Due to inconsistencies in Ms. Garrett's testimony and the claimed inaccurate transcription, the USF Board requests "forensic examination of [Ms. Garrett's] computer and the cellular telephone used to make this recording in order to determine the authenticity of this recording, when it was created, when it was opened, whether it was modified, and when it was saved or accessed on the computer and telephone." (*Id.* at 7).

Ms. Garrett asserts, consistent with her testimony at her first deposition, she deleted the recording shortly after she created it. (Doc. 54, p. 2). She claims she later discovered she could recover the deleted recording from her iTunes account on her computer and then provided it to her attorney. (*Id.*). Although Ms. Garrett's counsel received the recording "in preparation for the filing of this lawsuit," her counsel failed to produce the recording because "it was not being relied upon." (*Id.* at 2–3). Ms. Garrett's counsel acknowledges the recording is responsive to the USF Board's request for production but claims failure to produce the recording "was completely inadvertent and was not discovered until USF's counsel pointed out [at Ms. Garrett's] August 30th deposition testimony." (*Id.* at 3). Ms. Garrett's counsel produced the

6

recording to the USF Board's counsel the next day. (Doc. 54, p. 3).

Ms. Garrett's counsel's production of the recording on the discovery deadline is inexcusable considering the relevance of the recording to Ms. Garrett's retaliation claim against the USF Board. That said, the USF Board's request for forensic examinations of Ms. Garrett's personal computer and cellphone is disproportional to both the needs of this case in general and the resolution of this discovery dispute specifically. The USF Board now has the recording.

Courts in this circuit permit forensic examinations where clear evidence exists that the party responding to discovery defaulted on its discovery obligations. *ANZ Advanced Tech., LLC v. Bush Hog, LLC*, No. 09-00228-KD-N, 2010 WL 11575131, at \*9 (S.D. Ala. May 4, 2010) (permitting forensic examination when party clearly failed to produce relevant documents); *Wynmoor Cmty. Council, Inc. v. QBE Ins. Corp.*, 280 F.R.D. 681, 686 (S.D. Fla. Mar. 5, 2012) (permitting forensic examination when party "undertook no efforts" to produce electronic discovery); *Bank of Mongolia*, 258 F.R.D. at 517 (permitting forensic examination when party failed to produce all responsive documents without valid excuse). Although at the latest possible time, Ms. Garrett's counsel produced the recording before the discovery deadline passed.

Additionally, the USF Board has not shown the requisite exceptional circumstances necessary for forensic examinations of Ms. Garrett's personal computer and cellphone. For example, the USF Board failed to provide any facts or information suggesting Ms. Garrett altered or tampered with the recording or her

7

personal computer. Conclusory assertions or "bare possibility of misconduct" are insufficient to outweigh an individual's privacy interest. *ANZ Advanced Tech.*, 2010 WL 11575131, at *9; *Klayman*, 2014 WL 5426515, at *5; *Valdes*, 2018 WL 4281472, at *6. The USF Board instead requests forensic examinations of Ms. Garrett's personal computer and cellphone to determine the recording's authenticity; creation date; possible modifications; and when it was opened, saved, or accessed. (Doc. 49, p. 7). These topics can be addressed through the re-opening of Ms. Garrett's deposition and do not warrant forensic examination in the face of Ms. Garrett's privacy interest in the contents of her personal computer and cellphone. Although discrepancies may exist between Ms. Garrett's transcription and the recording, the USF Board can also explore this issue at her re-opened deposition.

Ms. Garrett's privacy interest in her personal computer and cellphone outweighs any benefit of the USF Board's requested forensic examinations. Therefore, the USF Board's motion for forensic examinations of her computer and cellphone is disproportional to the needs of this case and is denied.

**B. Forensic Examination of Ms. Garrett's Cellphone for Text Messages Between Ms. Garrett and Mr. Thurston**

The USF Board also moves for forensic examination of Ms. Garrett's cellphone "to obtain a full copy of all text messages between her and Mr. Thurston" as well as details about the timing of the text messages and their authenticity. (Doc. 49, pp. 10–11). The USF Board points out, in its requests for production, the USF Board requested copies of all text messages, and documents related to text messages, from

Ms. Garrett about her claims. (Doc. 49, p. 8). According to the USF Board, Ms. Garrett failed to provide all text messages between her and Andrew Thurston, despite including Mr. Thurston in her Rule 26 disclosures. (*Id.*).

The USF Board asserts, during USF's investigation into Ms. Garrett's assault, Mr. Thurston provided 1,438 text messages between him and Ms. Garrett. (*Id.* at 9). In a request for admission to Ms. Garrett, Ms. Garrett contested the accuracy of the text messages Mr. Thurston provided. (Doc. 49-12, pp. 3–4). Ms. Garrett stated: "Many entries [from Mr. Thurston's text messages] are accurate, but many are known, questioned, or believed to Plaintiff to be inaccurate." (*Id.* at 3). The USF Board further points out Ms. Garrett contested the accuracy of Mr. Thurston's text messages at her deposition when she stated the issue with Mr. Thurston's text messages "is with who sent and who received." (Docs. 49, pp. 9–10; 49-13, p. 3).

The USF Board also points out Ms. Garrett testified she has "the full copy of all the text messages" between her and Mr. Thurston. (Docs. 49, pp. 9–10; 49-13, p. 3). According to the USF Board, however, Ms. Garrett only provided 337 text messages between her and Mr. Thurston. (Doc. 49, p. 10). So, the USF Board concludes Ms. Garrett defaulted in her discovery obligations because she only produced 337 text messages compared to the 1,438 Mr. Thurston provided—despite her claim she has full copies of all text messages they exchanged. (*Id.*). The USF Board also claims Ms. Garrett produced text messages containing information inconsistent with those Mr. Thurston provided and other deficiencies. (*Id.*).

9

Due to Ms. Garrett's failure to produce all text messages and claimed deficiencies in the 337 text messages she produced, the USF Board requests "forensic examination of her cellular telephone in order to obtain a full copy of all the text messages between her and Mr. Thurston in her possession, custody, or control and to establish the authenticity of these messages, when they were sent or received, who sent or received them, when they were accessed, and whether they have been modified." (Doc. 49, p. 11).

Ms. Garrett claims she produced all text messages "that support or contradict the allegations in the Complaint, relate to [Ms. Garrett's] complaints about the University . . . or relate to the filing of this lawsuit" consistent with the USF Board's request for production. (Docs. 54, p. 4; 49-1, p. 8). Therefore, Ms. Garrett argues she complied with her discovery obligation. (Doc. 54, p. 4). With respect to the USF Board's request for forensic examination of her cellphone, Ms. Garrett argues the USF Board failed to demonstrate the need for forensic examination because Mr. Thurston provided all the text messages. (*Id.* at 5).

Ms. Garrett failed to produce discovery responsive to the USF Board's request for production. In its sixth request for production, the USF Board requested the following:

> The **documents reflecting or relating to communications or correspondence with any of the individuals identified in your disclosures made pursuant to Rule 26(a)** or with individuals identified in response to Defendant's First Set of Interrogatories, **including**, but not limited to, any witness statements, affidavits, declarations, letters, e-mail, voice, or **text messages**, postings, or other

statements made by any individual with knowledge of your claims or the facts underlying those claims.

(Doc. 49-1, p. 5) (emphasis added). Ms. Garrett included Mr. Thurston in her Rule 26 disclosures. (Doc. 42-1, p. 2). Therefore, text messages between her and Mr. Thurston are responsive to the USF Board's sixth request for production.

Although the USF Board's request for production may otherwise be broad, Ms. Garrett placed the accuracy of text messages Mr. Thurston provided at issue in her response to the USF Board's request for production and at her deposition. Because Ms. Garrett contests the accuracy of the text messages Mr. Thurston provided, she must produce her copies of all text messages she and Mr. Thurston exchanged, which she testified she possesses.

The USF Board, however, failed to establish that the discovery benefits of a forensic examination of Ms. Garrett's cellphone outweigh her privacy interest. Although the USF Board found deficiencies in 337 text messages Ms. Garrett produced, like missing dates and times, Ms. Garrett's production of the text messages between her and Mr. Thurston should settle the USF Board's questions. The USF Board can also ask Ms. Garrett at her re-opened deposition about any inconsistencies between the text messages she must produce and text messages Mr. Thurston produced. Therefore, the USF Board's motion for forensic examination of Ms. Garrett's cellphone is denied.

### C. Limited Re-opening of Ms. Garrett's Deposition

The USF Board moves to re-open Ms. Garrett's deposition to ask about her

recently produced recording and the text messages. (Doc. 49, pp. 11–12). Ms. Garrett consents to the USF Board re-opening her deposition to ask about the recently produced recording. (Doc. 54, p. 5). When a responding party delays in producing discovery, the court may re-open depositions—at the responding party's expense—for the requesting party to inquire about information learned from new discovery. *Preferred Care Partners Holding Corp. v. Humana, Inc.*, No. 08-20424-CIV, 2009 WL 982460, at *10 (S.D. Fla. Apr. 9, 2009). Due to her delay in producing the recording and her failure to produce text messages responsive to the USF Board's discovery request, the USF Board may re-open Ms. Garrett's deposition for the limited purpose of asking about the recording, including inconsistencies between the recording and Ms. Garrett's transcription of her meeting with Ms. Coombes and Ms. Deremiah, and any discrepancies between the text messages she must produce and the text messages Mr. Thurston already produced. Ms. Garrett will bear the reasonable costs of this limited re-opened deposition, including reasonable attorney's fees.

**D. Attorney's Fees**

The USF Board requests attorney's fees incurred due to submitting its motion to compel. (Doc. 49, pp. 11–12). Ms. Garrett opposes the USF Board's request for attorney's fees. (Doc. 54, p. 7).

If a motion to compel is granted in part and denied in part, the court "may, after giving opportunity to be heard, apportion the reasonable expenses for the

motion." Fed. R. Civ. P. 37(a)(5)(C).[3] The reasonable expenses the moving party may receive depends on how successful the motion to compel was overall. *See Cal Dive Int'l, Inc. v. M/V Txmin (Ex Stena Seahorse)*, 127 F.R.D. 213, 218 (S.D. Ala. Aug. 18, 1989) (apportioning expenses based on the moving party succeeding on 70% of requests in its motions to compel).

Ms. Garrett's counsel possessed the recording—central to Ms. Garrett's retaliation claim against the USF Board—during the entirety of the discovery period but failed to produce the recording to the USF Board until the last day of discovery. Ms. Garrett also testified she possessed all her text messages with Mr. Thurston but failed to produce them, despite the USF Board's discovery request and despite Ms. Garrett contesting the accuracy of Mr. Thurston's production of the text messages. Due to these actions by Ms. Garrett and her counsel, it is appropriate to apportion to Ms. Garrett part of the USF Board's reasonable attorney's fees incurred for preparing its motion to compel.

In its motion to compel, the USF Board requested the following: (1) forensic examinations of Ms. Garrett's personal computer and cellphone for information related to the recording; (2) forensic examination of Ms. Garrett's cellphone for text messages between her and Mr. Thurston; (3) text messages between her and Mr. Thurston; (4) and re-opening Ms. Garrett's deposition. (Doc. 49).

---

[3] Ms. Garrett had the opportunity to respond to the USF Board's request for attorney's fees. (Doc. 54).

13

The USF Board failed on its two separate requests for forensic examinations. The USF Board prevailed on its request for text messages because its request for production requested all Ms. Garrett's text messages with Mr. Thurston. The USF Board also prevailed on its request to re-open Ms. Garrett's deposition. Altogether, the USF Board prevailed on 50% of its requests. Therefore, the USF Board is entitled to 50% of the reasonable attorney's fees incurred in submitting its motion.

### III. CONCLUSION

The USF Board failed to show benefits to forensic examinations of Ms. Garrett's personal computer and cellphone outweigh Ms. Garrett's privacy interests. Ms. Garrett, however, failed to disclose text messages responsive to the USF Board's discovery request and she waited until the discovery deadline date to produce the recording—central to her retaliation claim against the USF Board—to the USF Board's counsel. Therefore, the USF Board's motion to compel (Doc. 49) is **GRANTED-IN-PART** and **DENIED-IN-PART** as follows:

1. The USF Board's request for forensic examinations of Ms. Garrett's personal computer and cellphone with respect to issues concerning the recording of her meeting with Ms. Coombes and Ms. Deremiah is **DENIED**.

2. The USF Board's request for forensic examination of Ms. Garrett's cellphone with respect to issues concerning text messages between her and Mr. Thurston is **DENIED**.

3. The USF Board's motion to compel Ms. Garrett to produce text messages responsive to its sixth request for production is **GRANTED** and Ms. Garrett must produce the text messages she and Mr. Thurston exchanged.

4. The USF Board's request to re-open Ms. Garrett's deposition is **GRANTED**. The USF Board may ask about the recording Ms. Garrett produced on the discovery deadline and any discrepancies between the text messages she must produce and those Mr. Thurston already produced. Ms. Garrett bears the reasonable costs of this limited deposition, including attorney's fees.

5. By **September 28, 2018**, the parties must confer in good faith to stipulate to reasonable attorney's fees the USF Board incurred in submitting its motion to compel.

6. If the parties fail to stipulate to the USF Board's reasonable attorney's fees, then, by **October 5, 2018**, the USF Board may submit a motion for reasonable attorney's fees and expenses, including affidavits and supporting materials that support the total amount sought.

7. In all other respects, the USF Board's motion to compel is **DENIED**.

**ORDERED** in Tampa, Florida, on September 14, 2018.

*Amanda Arnold Sansone*
———————————————
AMANDA ARNOLD SANSONE
United States Magistrate Judge