UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAMANTHA L. GARRETT,

    Plaintiff,

v.                                           Case No. 8:17-cv-2874-T-23AAS

UNIVERSITY OF SOUTH FLORIDA
BOARD OF TRUSTEES,

    Defendant.
_____/

## ORDER

Samantha Garrett moves to compel the deposition of Makenzie Schiemann, Director of Student Outreach & Support and Center for Victim Advocacy at University of South Florida (USF). (Doc. 67). The USF Board of Trustees (USF Board) opposes Ms. Garrett's request. (Doc. 69).

Over a month after the court's August 31st discovery deadline, Ms. Garrett seeks the court's permission to depose Ms. Schiemann. (Doc. 67). According to Ms. Garrett, she had no cause to depose Ms. Schiemann before the discovery deadline based on the information available at that time. (*Id.* at 1–2). Ms. Garrett argues her assessment of Ms. Schiemann's "involvement and potential knowledge changed . . . with disclosures of unredacted documents after the discovery deadline." (*Id.* at 2).

Ms. Garrett claims an email the USF Board unredacted in response to a September 24th Order shows "Ms. Schiemann is a relevant witness, and despite not being listed on Defendant's Rule 26 disclosures, she has relevant information

1

regarding Plaintiff's claims." (Doc. 67, p. 2). According to Ms. Garrett, Ms. Schiemann's email "clearly speaks" to claims included in Ms. Garrett's complaint against the USF Board. (*Id.*). Therefore, Ms. Garrett seeks Ms. Schiemann's testimony. (*Id.* at 3).

A motion to reopen discovery to conduct depositions constitutes a modification of the court's Case Management and Scheduling Order under Federal Rule of Civil Procedure 16(b). *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 n.2 (11th Cir. 1998) (citations omitted); *Branovations, Inc. v. Ontel Prod., Corp.*, No. 2:12-CV-306-FtM-29UAM, 2013 WL 12167927, at *1 (M.D. Fla. Sept. 5, 2013) (citation omitted).

The court may modify a case management and scheduling order for good cause. Fed. R. Civ. P. 16(b)(4). Good cause means the moving party cannot meet deadlines despite due diligence. *Sosa*, 133 F.3d at 1418. A party fails to exercise due diligence when she moves to amend the scheduling order based on information she had before the relevant deadline passed. *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 n.3 (11th Cir. 2009); *Branovations*, 2013 WL 12167927, at *1.

Ms. Garrett fails to establish good cause for modifying the discovery deadline to reopen discovery to depose Ms. Schiemann. Ms. Garrett provided USF documents that discuss a director's involvement in reporting Ms. Garrett for recording her conversation with Megan Deremiah and Crystal Coombes (USF employees involved in the investigation of Ms. Garrett's assault allegations). (Doc. 69-2). Ms. Garrett also provided other documents referencing conversations between Ms. Deremiah (Ms.

Garrett's victim advocate) and Ms. Deremiah's director. (Doc. 69-3).

In her deposition on April 17, 2018, Ms. Deremiah confirmed her director was Ms. Schiemann and discussed Ms. Schiemann's role in the "Student Rights & Responsibilities" process. (Doc. 69-4, pp. 2, 4). Ms. Coombes and Maria Zale Cutsinger (Director of Conduct at USF) also discussed Ms. Deremiah's director (Ms. Schiemann) in their depositions, which occurred before the discovery deadline. (Docs. 69-5, 69-6). Therefore, Ms. Garrett knew Ms. Schiemann was Ms. Deremiah's director and Ms. Schiemann was involved in the investigation of Ms. Garrett's alleged illegal recording before the discovery deadline.

Although Ms. Garrett acknowledges she knew about Ms. Schiemann before the discovery deadline, Ms. Garrett argues she had no cause to depose Ms. Schiemann until the September 24th Order required the USF Board to produce to Ms. Garrett an unredacted email authored by Ms. Schiemann. (Doc. 67, pp. 1–2). In that email, Ms. Schiemann addresses USF General Counsel Joanne Adamchak's thoughts on the role of a victim advocate and asserts Ms. Schiemann's belief that Ms. Deremiah properly performed her role as Ms. Garrett's victim advocate. (Doc. 64, p. 1).

Ms. Garrett failed to sufficiently explain why the content of Ms. Schiemann's email requires reopening discovery less than a month before the dispositive motion deadline[1] to conduct a deposition of a witness already known to Ms. Garrett. Instead, Ms. Garrett makes conclusory statements that, based on the recently produced email,

---

[1] The deadline for dispositive motions is November 9, 2018. (Doc. 66).

it became "apparent" Ms. Schiemann had relevant information and the email "clearly speaks" to Ms. Garrett's claims. (Doc. 67, p. 2). But, based on information obtained before the discovery deadline, Ms. Garrett already knew the following: (1) Ms. Schiemann was Ms. Deremiah's director; (2) Ms. Schiemann has knowledge of Ms. Deremiah's role as Ms. Garrett's victim advocate; and (3) Ms. Schiemann was involved in the investigation of Ms. Garrett's alleged illegal recording. Considering this pre-deadline knowledge, Ms. Garrett cannot claim that a single email in which Ms. Schiemann simply discusses Ms. Deremiah's role as a victim advocate provides good cause to reopen discovery.

Ms. Garrett failed to exercise due diligence because she seeks to reopen discovery based on information she had before the discovery deadline passed (and likely even before the filing of the lawsuit). Namely, Ms. Garrett knew Ms. Schiemann was Ms. Deremiah's director with knowledge of Ms. Deremiah's role as Ms. Garrett's victim advocate and Ms. Schiemann was involved in the investigation of Ms. Garrett's alleged illegal recording. As a result, Ms. Garrett fails to establish good cause for amending the scheduling order. Therefore, Ms. Garrett's motion to compel Ms. Schiemann's deposition (Doc. 67) is **DENIED**.

**ORDERED** in Tampa, Florida, on October 15, 2018.

AMANDA ARNOLD SANSONE
United States Magistrate Judge